375 So.2d 1150 (1979)
E.J. HUGUELET, Paul C. Mueller, Wayne F. Rismiller and Edgar Gerhard, Partners, d/b/a Sieferman, Rismiller and Gerhard, W.W. Wiley, Reba G. Wiley, John H. Conover and Alco Services, Inc., Appellants,
v.
M & M ASSOCIATES, INC., a Florida Corporation, et al., Appellees.
No. 77-954.
District Court of Appeal of Florida, Fourth District.
October 17, 1979.
Thomas E. Hunt, of Thomas E. Hunt, P.A., Fort Lauderdale, for appellants.
Donald Gorenberg, of Byrd & Ferrell, P.A., Fort Lauderdale, for appellee, M & M Associates, Inc.
Harry G. Carratt, of Morgan, Carratt & O'Connor, P.A., and Andrews & Lubbers, P.A., Fort Lauderdale, for appellee, Thomas A. Paulson.
Harry G. Carratt, of Morgan, Carratt & O'Connor and Stuart, Walker & Jenne, Fort Lauderdale, for appellee, Florence Kuncl.
LETTS, Judge.
A trial judge gave preference to secured over unsecured creditors of Article 6 property, pursuant to a Bulk Sales Transfer. The unsecured creditors appeal. We affirm.
This case arose as the result of an interpleader action filed in accordance with Section 676.106(4) of the Florida Statutes (1977) by the purchaser of a major part of the materials, supplies merchandise and inventory of an enterprise subject to Article 6 of the Uniform Commercial Code. The purchase price agreed to be paid was $125,000.00 less the amount of any secured debts. The goods were to be transferred free of *1151 any encumbrances. The amount remaining after paying off the secured creditors, $43,358.31, was insufficient to pay off the unsecured creditors in full.
The appellants cogently argue that all creditors under Chapter 676, Florida Statutes (1977) must be treated equally. Section 676.104(2), requires the sellers to furnish under oath a list of "all creditors." Accordingly the appellants claim that all creditors should receive distribution of the total purchase price pro rata under Section 676.106(3). However we believe that Article 6 must be construed together with Article 9 which latter, in discussing a secured party's rights on disposition of collateral, reads in part:
"Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless... ." Section 679.306(2), Florida Statutes (1977)
Our conclusion that Article 6 must be considered in pari materia with Article 9 is further buttressed by the provision in Article 6 itself which excepts from its requirements, transfers "... made to give security for the performance of an obligation." (Section 676.103(1)). See 2A U.L.A. 295, official comment and U.C.C. Comment # 2, 19B FSA 518 (1975).
The problem is also discussed in 5 Bender's Uniform Commercial Code Service, Section 61.06(2)(a), (p. 6-24) as follows:
Certain creditors are in a more advantageous position than others when the parties give notice of the intended transfer. This is not due to Article 6, but to the status they occupy. Thus, secured creditors whose security interest is perfected normally will retain their security interest in the goods after the transfer. This will be true even though the collateral is inventory and the secured party has given the debtor-transferor permission to sell in the ordinary course of business, for the purchases of goods in a transaction covered by Article 6 would never be by a buyer in ordinary course of business. Even where the creditor's security interest is not perfected his interest is subordinate to the rights of a bulk transferee only to the extent that the transferee gives value and receives delivery of the goods without knowledge of the security interest. In addition, a security interest extends to "proceeds," and the secured party will have a security interest in any new consideration given for the transfer.
We agree with the above quotation and with the case of Automatic Truck & Trailer Wash Centers v. Eastamp, Inc., 320 So.2d 7 (Fla.2d DCA 1975) wherein the Second District Court held that a secured creditor is entitled to, (1) notice under the Florida Bulk Sales Act, (2) his security on the secured property; and (3) to participation in the proceeds of the bulk sale in the event of any deficiency after the sale of the secured property. A security interest would be of little value if the secured creditor was not entitled to receive payment from the purchaser in exchange for release of the security interest. How else, short of a public sale of the collateral, would the purchaser be able to secure an unencumbered title?
Accordingly we hold that a secured creditor is entitled to preference under the facts of this case despite the provision of Section 676.106(3) calling for the consideration to be distributed pro rata. As a result the secured creditors may be paid first out of the purchase price and the balance distributed pro rata to the unsecured ones.
Without further discussion, we also affirm the remaining points on appeal. We have no quarrel with Judge Anstead's partial dissent but are of the belief that the point was not preserved on appeal.
MOORE, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
I concur in the majority's disposition of all of the points on appeal except as to the contention by the appellants that there is no evidentiary support in the record for the trial court's allowance of the claims of International *1152 Insurance Service and Brown Insurance Agency. I would reverse those portions of the final judgment.