**RIVER CITY PRODUCTS,
INC., Appellant,**

v.

**AEJ, INC., Appellee.**

**No. 87–CA–2189–MR.**

Court of Appeals of Kentucky.

Jan. 27, 1989.

Rehearing Denied May 12, 1989.

Discretionary Review Denied
by Supreme Court
Aug. 30, 1989.

Henry Kinzer Jarrett, III, Louisville, for appellant.

Rocco J. Celebreeze, Kathryn S. Drake, and Michael L. Harris, Louisville, for appellee.

Before HOWERTON, C.J., and HAYES, J., and DUNN, Special Judge.

DUNN, Special Judge.

This appeal is from the order of the Jefferson Circuit court setting aside a summary judgment previously entered for the appellant, River City Products, Inc., and dismissing its action against the appellee, AEJ, Inc. That action sought a judgment against AEJ for $19,800 alleging a violation of the Bulk Sales Act, KRS 355.6–101 et seq. On appeal, the single issue is whether the trial court acted correctly in ruling that KRS 355.6–103(3) exempts, in any bulk sale, that part of the transfer involving a secured creditor as against an unsecured creditor. We affirm.

The undisputed facts are: in July of 1986, River City Products, Inc., filed this action against the appellee, AEJ, Inc. and Greenhouse Products, Inc. seeking damages in the amount of $19,800. The basis for the action was a promissory note issued by Greenhouse to River City in the amount of $19,800 due and owing as of July 15, 1985. AEJ was named as a party defendant as a result of its purchase of Greenhouse's assets for $88,000 on January 27, 1986, despite the fact that at the time of the purchase Greenhouse's total indebtedness of $125,023 exceeded the purchase price. Although the transfer of assets from Greenhouse to AEJ was a transfer falling under the provisions of KRS 355, article 6, *all* of the consideration paid by the appellee went to satisfy an indebted-

ness owed by Greenhouse to Citizen's Fidelity Bank & Trust Co., a secured party. As a result, there was no pro rata distribution of the proceeds to Greenhouse's creditors, whether secured or unsecured. Consequently, the appellant alleged a violation of KRS 355, article 6.

The defendants answered the allegations in the complaint, with AEJ filing a cross-claim against Greenhouse alleging its failure to list all of its creditors, a violation of the purchase agreement. Although the appellant, River City, subsequently obtained a judgment against Greenhouse for the full amount of the note, the latter filed for bankruptcy. As a result, River City sought judgment against AEJ.

In an order entered March 31, 1987, the trial court granted summary judgment to the appellant, River City, ruling that KRS 355.6–106(3) required a pro rata distribution of the proceeds from such a sale among all of the transferor's creditors. *Cornelius v. J & R Motor Supply Corporation,* Ky., 468 S.W.2d 781 (1971). The trial court subsequently set aside this order, ruling that an exemption existed under KRS 355.6–103(3) for a secured creditor. It is from this order that River City now appeals.

Principally, River City argues that for a transfer to be exempt under KRS 355.6–103(3) the transfer must be made to a secured creditor, such as Citizen's Fidelity. We disagree. It states as follows:

The following transfers are not subject to this article: ...

(3) Transfers in settlement or realization of a lien or other security interest;

Such language has, with minor exceptions, *not* been construed by the courts in this and other jurisdictions to mean that such a transfer must be made to a secured party. In *American Metal Finishers, Inc. v. Palleschi,* N.Y.Sup.Ct., 55 A.D.2d 499, 391 N.Y.S.2d 170 (1975), the unsecured creditor, Palleschi, argued that the transfer at issue was subject to article 6 where the transfer was made to satisfy and settle the security interest of Chase Manhattan Bank. Although relying on the language of the court in *Starman v. John E. Wolfe, Inc.,*

Mo.App., 490 S.W.2d 377 (1973), the court rejected this narrow interpretation of KRS 355.6–103(3):

The chief rationale of the Bulk Transfers article is the avoidance of the "major bulk sales risk": of "the merchant, owing debts, who sells out his stock in trade ..., pockets the proceeds, and disappears leaving his creditors unpaid" (Official Comment, McKinney's Cons. Laws of N.Y., Book 62½, Uniform Commercial Code, § 6–101, p. 717). But where the transfer is in settlement of a lien or security interest, there are no cash proceeds with which the seller could abscond. Thus, where the consideration is settlement of an indebtedness with no receipt of cash proceeds, the protective purposes of the Bulk Transfers article do not apply.

We see no reason to read subdivision (3) of section 6–103 of the Uniform Commercial Code so restrictively as to add a requirement that the transferee must be the holder of the security interest, thus ruling out transfer to one who in good faith takes over the position of the security holder....

Here there was no prejudice to anyone. Crown's creditors could have made no valid objection if Chase had taken back the encumbered property in satisfaction of the indebtedness and then transferred the property to American.

20 UCC Rep. Serv. at 1285–86. (*See* D. Leibson & R. Nowka, *Uniform Commercial Code of Kentucky,* § 5.2.)

In effect, the court ruled that article 6 does not negate the protection and benefits afforded to a secured creditor under article 9 of the Uniform Commercial Code. KRS 355.9–201 explicitly states that except as otherwise noted, "a security agreement is effective according to its terms between the parties, *against purchasers of the collateral and against creditors.*" (Emphasis added.) As such, a perfected secured party—such as Citizen's Fidelity—does not need the protection afforded by the Bulk Sales Act; absent specific exceptions, it has priority over both purchasers of the collateral or assets and against creditors, such

as the appellant. *See* the exception set forth in KRS 355.9–301(1).

The intent underlying article 6 is to benefit unsecured creditors: it is to protect them from a situation in which a creditor surreptitiously sells assets the creditors may be depending on in the event of default, "pocketing the proceeds, and sailing off into the sunset." (*Leibson & Nowka, supra,* § 5.1.)

Here, Citizen's Fidelity, holding a perfected security interest, had priority over any claim on the part of the appellant. Stated differently, the transfer, to the extent of Citizen's interest, *was exempt* from the provisions of section 6. The court's ruling in *Starman, supra* has been limited—if not negated—by the court's ruling in *Techsonic Industries, Inc. v. Barney's Bassin' Shop, Inc.,* Mo.App., 621 S.W.2d 332 (1981). And the court in *Bomanzi of Lexington, Inc. v. Tafel,* Ky., 415 S.W.2d 627 (1968), recognized that any pro rata distribution among creditors under the Bulk Sales Act is subject to question of priority. *See also William Iselin and Company, Inc. v. Delta Auction & Real Estate Co.,* Miss., 433 So.2d 911 (1983); *Huguelet v. M & M Associates, Inc.,* Fla. App., 375 So.2d 1150 (1979). Consequently, the trial court's order must be upheld.

All concur.